tive sanction.   Such a paper cannot surely be read to aid the conviction, not only of the party examined, but of another individual also.

After much discussion, the evidence was overruled.— Verdict *Not Guilty.*

N'W YORK,
Nov. 1823.

The People
v.
Bleeker.

# GENERAL SESSIONS.

## NEW-YORK, JANUARY, 1824.

The People
vs.       }  LARCENY.
· French.

Present—the Hon. *Richard Riker*, Recorder.

*Maxwell*, District Attorney, Counsel for the Prosecution.
*Price*, Counsel for the Prisoner.

In this case it appeared the prisoner came into a store and told the keeper that a customer of the store had sent him for goods, and in consequence of the falsehood uttered by the prisoner, the store-keeper delivered him the goods.   It was decided by the court after advisement, that where a person obtains goods under a false pretence, which false pretence is the inducement for parting with the property, such a case falling within the statute for punishing the obtaining of goods by false pretences, does not amount to a felony.

The prisoner was acquitted of the felony, but was indicted, tried, and convicted of obtaining the goods by false pretences under the statute.

This decision may have an important operation in cases of constructive larceny.